UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEALER COMPUTER SERVICES, INC; fka FORD DEALER COMPUTER SERVICES INC, <br><br>  Plaintiff, <br>VS. <br><br>RED HILL FORD, INC., <br><br>  Defendant. | }<br>}<br>}<br>}<br>}<br>}  CIVIL ACTION NO. H-08-2791<br>}<br>}<br>}<br>}<br>} |

**OPINION & ORDER**

  Pending before the Court are Defendant Red Hill Ford, Inc. ("Red Hill Ford")'s Motion to Dismiss and Motion to Transfer Venue (Doc. 5) and Supplemental Motion to Dismiss (Doc. 14), as well as the responses and replies thereto. For the reasons explained below, the Court GRANTS Red Hill Ford's Motion to Dismiss (Doc. 5) and DENIES-AS-MOOT Red Hill Ford's Supplemental Motion to Dismiss (Doc. 14).

 **I.** **Background & Relevant Facts.**

  In its Complaint, Plaintiffs Dealer Computer Services, Inc. ("DCS") moves the Court to compel Red Hill Ford to pay fees owed to cover the costs of arbitration between the parties under the authority of § 4 of the Federal Arbitration Act ("FAA"). *See* Doc. 1. The arbitration, until it was suspended for lack of funding, proceeded for a year and a half in Dallas, Texas in the Northern District of Texas. DCS, having its main offices in Houston, Texas, brought the present action here in the Southern District of Texas. As the Fifth Circuit has, with limited exceptions, followed sister circuits in concluding that § 4 requires only the district where arbitration is occurring to properly exercise jurisdiction in motions to compel arbitration and this not being so in this case, jurisdiction is lacking.

In the underlying arbitration, both parties claim breach of contract. DCS is a nationwide provider of computer software for car dealers. Red Hill Ford is one such car dealer. The contract is a multi-million dollar contract regarding the software. Red Hill Ford and DCS entered into arbitration between themselves for a year and a half. Red Hill Ford, however, is currently in a putative class of dealers nationwide for arbitration of the same contract with DCS, with each dealer having an individual multi-million dollar contract with DCS on exactly the same terms. Red Hill Ford argues, *inter alia*, that as it is contributing its share of arbitration fees in the putative class action arbitration this satisfies its requirement under the contract to arbitrate with DCS. Therefore, Red Hill Ford seeks to avoid paying the arbitration fees owed to the arbitral panel in its individual arbitration with DCS.

## II.     Analysis.

Section 4 of the FAA provides in relevant part that:

> A party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in the agreement . . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration *in accordance with the terms of the agreement*. The hearing and proceedings, under such agreement, *shall be within the district in which the petition for an order directing such arbitration is filed*.

9 U.S.C. § 4 (emphasis added). "Section 4 thus facially mandates that two conditions must be met before a district court may compel arbitration: (1) that the arbitration be held in the district in which the court sits; and (2) that the arbitration be held in accordance with the agreement of the parties." *National Iranian Oil Co. v. Ashland Oil*, 817 F.2d 326, 330 (5th Cir. Miss. 1987). The consequences as to jurisdiction under § 4 is that a court may not compel arbitration if the forum for arbitration set out in the agreement is that of another district. For example, in *Snyder v.*

*Smith*, 736 F.2d 409 (7th Cir.), the Seventh Circuit reversed an order of the district court ordering arbitration in its district in the face of a forum selection clause designating Houston, Texas as the agreed-upon site of any arbitral proceeding. The court reasoned that § 4 mandates that arbitration be compelled only in accord with the terms of the contract, and one "term of the agreement" was the forum selection clause.

> The right and duty to arbitrate disputes is purely a matter of contractual agreement between the parties . . . . An arbitration agreement, including its forum selection clause is a freely-negotiated contract between the parties. Courts must give effect to such freely negotiated forum selection clauses.

Id. at 419 (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15-18 (1972)); see *Lafayette Coal Co. v. Gilman Paper Co.*, 640 F. Supp. 1 (N.D.Ill. 1986); *Joo Seng Hong Kong Co. v. S.S. Unibulkfir*, 493 F. Supp. 35 (S.D.N.Y. 1980); see also *Econo-Car International, Inc. v. Antilles Car Rentals, Inc.*, 499 F.2d 1391, 1394 (3d Cir. 1974) (court is statutorily proscribed by § 4 from ordering arbitration outside its district to comport with forum selection clause providing for arbitration in another district); *Continental Grain Co. v. Dant & Russell, Inc.*, 118 F.2d 967 (9th Cir. 1941) (same); *Cardona Tirado v. Shearson Lehman American Express, Inc.*, 634 F. Supp. 158, 161 (D.P.R.1986) (same); *Couleur International, Ltd. v. Saint-Tropez West, Division of California Industries, Inc.*, 547 F. Supp. 176, 177-89 (S.D.N.Y. 1982) (same).

The court in *National Iranian Oil*, however, distinguished *Snyder* and held that, in the Fifth Circuit, § 4 is not subject to such a "literal approach." 817 F.2d at 331. For example, in *Dupuy-Busching General Agency, Inc. v. Ambassador Ins. Co.*, 524 F.2d 1275 (5th Cir. 1975), the court held "where a party seeking to avoid arbitration brings a suit for injunctive relief in a district court other than that in which arbitration is to take place . . . the party seeking arbitration may assert its § 4 right to have the arbitration performed in accordance with the terms of the

agreement." *Id*. at 1278. The court in *National Iranian Oil* conceded there was some "tension" between the competing requirements of § 4 that were subject to equitable resolution; in *Dupuy-Bushing*, for example, the fact that the party seeking to avoid arbitration had initiated the litigation waived its rights to object to jurisdiction.

With this background in mind, the Court turns to the facts of this case. If the parties had a forum-selection clause presumably dismissal would be warranted if the forum were elsewhere. Complications arise, however, because the parties did have a forum-selection clause to arbitrate in Detroit, Michigan but the parties waived that clause and agreed instead to arbitrate in Dallas, Texas. Thus, if the Court were to take the literal approach advocated in *Snyder*, one might argue, as Plaintiffs do here, that the jurisdictional mandate of § 4 is no longer in force.[1] A far better conclusion is to see the current arbitration in Dallas, Texas as being in accordance with the terms of the original agreement. Red Hill Ford waived the forum-selection clause in favor of arbitration in Dallas, Texas. The waiver was exchanged for a new choice of forum mutually agreed upon by both Red Hill Ford and DCS.

There is some tension with § 4's language but to do otherwise would result in forum-shopping, inefficiency and inequity. If the Court entertains jurisdiction any potential motion to compel would issue in this district. Pursuant to § 4, then, the arbitration would have to proceed in this district. Thus, by filing in a different district, Plaintiffs will have unilaterally forced Defendants to change forum to a forum of their convenience. The arbitration in Dallas, Texas would be abandoned and arbitration restarted in the Southern District of Texas.

---

[1] Plaintiffs also mischaracterize the present situation as a case of waiver as set out in *Dupuy-Busching* and restated briefly in *Purdy v. Monex Int'l Ltd*., 867 F. 2d 1521, 1523 (5th Cir. 1989). As noted above, however, the waiver situation contemplated in those cases was where the party seeking to avoid arbitration initiated litigation. This is not the case here, so the rule does not govern.

In interpreting § 4's jurisdictional mandate, the Court also finds persuasive that arbitration has proceeded in Dallas, Texas without objection by either party. Both parties have submitted discovery and proposed scheduling orders in the Dallas arbitration. *See* Doc. 5 Exh. B-8 and B-9. In fact, a final hearing on the arbitration was scheduled in Dallas, Texas. *See* Doc. 5 Exh. B-7. As DCS repeatedly argues in trying to persuade the court to compel payment of fees in the Dallas arbitration, it has been proceeding for one and half years.

In an analogous case, the Seventh Circuit in *Merrill Lynch, Pierce, Fenner & Smith v. Lauer*, 49 F.3d 323, 331 (7th Cir. Ill. 1995) took note of the extent of arbitration proceedings in determining what was in "accordance with the terms of the agreement" under § 4 where the parties' agreement provided for selection of a forum by the National Association of Securities Dealers ("NASD"). The *Lauer* court stated: "Not only had the arbitration site been selected, but five months of pre-hearing activities, including discovery and the exchange of various motions, had taken place, strongly suggesting that both parties found the NASD's selection of a forum to be binding on them." *Id*. Admittedly, *Lauer* dealt with an unmodified agreement that allowed NASD to select the forum whereas here the original agreement selected Detroit, Michigan as the forum, but the parties later agreed to arbitrate in Dallas, Texas. *Lauer*, however, sought to apply § 4 to ensure that courts would not entertain jurisdiction if the parties had agreed to arbitrate in a different forum; thus its principle extends to the present case.

In short, the agreement to arbitrate in Dallas, Texas should be given full deference by the courts under Section 4 of the FAA and the case law interpreting the same. The Court, therefore, lacks jurisdiction to hear the case.[2]

### III.   Conclusion.

---

[2]   Defendants also seek to transfer venue under 28 USC § 1404(a). The same result might pertain under the multi-factor analysis of § 1404(a) as the only factor in favor of venue in this district is Plaintiff's choice of forum. As jurisdiction is lacking under § 4, however, the Court need not reach this issue.

Accordingly, it is hereby ORDERED that Red Hill Ford's Motion to Dismiss (Doc. 5) is GRANTED;

And it is further ORDERED that Red Hill Ford's Supplemental Motion to Dismiss (Doc. 14) is DENIED-AS-MOOT.

SIGNED at Houston, Texas, this 11th day of August, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE